UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:17-CR-00066-DCLC-CRW |
| | ) | |
| v. | ) | **FILED UNDER SEAL** |
| | ) | |
| JERRY ROBINETTE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Jerry Robinette's *pro se* Motion for Compassionate Release [Doc. 614] pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons stated herein, Defendant's Motion [Doc. 614] is **DISMISSED**.

**I.    BACKGROUND**

In 2018, Defendant pleaded guilty to conspiracy to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. § 846 and 841(a)(1), (b)(1)(A) [Doc. 320]. In August 2018, the Court sentenced Defendant to a term of 120 months' imprisonment [Doc. 527, pg. 2]. Defendant currently is serving his sentence at Lee USP, and his projected release date is February 28, 2026 [Doc. 617-1, pg. 1]. Defendant moves for compassionate release and seeks release because of his rehabilitative efforts, his risk of contracting COVID-19, and his conditions of confinement [Doc. 617, pg. 1-37]. Importantly, Defendant does not state whether he exhausted his administrative remedies for his motion [*Id.*].

**II.    LEGAL STANDARD**

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). The First Step Act of 2018, Pub. L. No. 115-

391, 132 Stat. 5194, amended 18 U.S.C. § 3582(c)(1)(A) to provide district courts with the authority to modify a defendant's sentence and grant compassionate release

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…

18 U.S.C. § 3582(c)(1)(A).[1]

Under this amendment, district courts may consider motions for compassionate release filed either by the Bureau of Prisons ("BOP") or by a defendant after the defendant has "exhaust[ed] the BOP's administrative process" or "thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of the administrative remedies is a "mandatory condition" to defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim-processing rule," it may be waived or forfeited by the Government. *Id*. at 833-34. In this case, however, the Government has neither waived nor forfeited that requirement.

In addition to the procedural requirements, § 3582(c)(1)(A) "has identified three substantive requirements for granting relief." *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Court must: (1) find that "extraordinary and compelling reasons merit a sentence

---

[1] The statute includes a separate basis for compassionate release which requires, among other prerequisites, that "the defendant is at least 70 years of age" and "has served at least 30 years in prison," but this provision does not apply to Defendant, as he is 54 years old and has only served approximately 5 years in the BOP. 18 U.S.C. § 3582(c)(1)(A)(ii).

2

reduction"; (2) find "that the reduction is consistent with 'applicable' Sentencing Commission policy statements"; and (3) consider the factors in Section 3553(a), to the extent they apply. *Jones*, 980 F.3d at 1106 (quoting *Ruffin*, 978 F.3d at 1003-06). A motion for compassionate release may be denied when any of the three substantive requirements are not met. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Additionally, the Sixth Circuit has clarified that when the defendant, rather than the BOP, files a motion for compassionate release, the Court "may skip step two of the [Section] 3582(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling' without consulting the policy statement in [U.S.S.G.] § 1B1.13." *Jones*, 980 F.3d at 1111.

### III. ANALYSIS

The Government asserts that Defendant has not satisfied the mandatory exhaustion requirement and requests that the Court dismiss his motion on that ground [Doc. 617, pgs. 3-4]. Indeed, Defendant has not shown that he requested compassionate release from the prison warden, much less satisfy the 30-day waiting period required by the statute [Doc. 617-2, pg. 1]. In such a circumstance, *Alam* requires this Court to dismiss Defendant's motion without prejudice for his failure to exhaust his administrative remedies. *Alam*, 960 F.3d at 833–34. Thus, the Court has no option but to dismiss without prejudice Defendant's motion. *Id.*

### IV. CONCLUSION

Accordingly, Defendant's *pro se* Motion for Compassionate Release [Doc. 614] is **DISMISSED**.[2]

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

---

[2] Defendant requested appointment of counsel [Doc. 614, pg. 3]. But Defendant's request for counsel is moot because he failed to exhaust his administrative requirements.